NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**VARIETA O. MARTIN MCLEAN,**
*Petitioner-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2019-1508

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4905, Judge Michael P. Allen.

———————————

Decided: July 22, 2019

———————————

VARIETA O. MARTIN MCLEAN, Victorville, CA, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Varieta O. Martin McLean appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing McLean's petition for extraordinary relief in the form of a writ of mandamus. *McLean v. Wilkie*, No. 18-4905, 2018 U.S. App. Vet. Claims LEXIS 1511 (Vet. App. Nov. 16, 2018). Because McLean challenges only factual findings and the application of law to fact, we *dismiss* for lack of jurisdiction.

BACKGROUND

McLean is a veteran of the United States Air Force who served on active duty at the March Air Force Base in California. After her service, she applied to her Regional Office ("RO") seeking entitlement to service connection for various ailments. Suppl. A. at 29–30. The RO denied her claims, and McLean appealed to the Board of Veterans' Appeals. In June of 2017, the Board remanded McLean's case back to the RO with instructions to further develop the record and readjudicate the appeal. The Board also directed the RO to return the case to the Board for comprehensive review of the entire record should the RO again deny any of McLean's claims. Suppl. A. at 49.

In July of 2018, McLean sent letters to the Board and the Veterans Court expressing concerns regarding the delay in adjudicating her remanded claims. Suppl. A. at 49; *McLean*, 2018 U.S. App. Vet. Claims LEXIS 1511, at * 1. The Veterans Court construed her letter as a petition for a writ of mandamus, but found that the petition was noncompliant because it did not "include an appendix containing copies of any order or decision or other documents necessary to understand and support the petition." *McLean*, 2018 U.S. App. Vet. Claims LEXIS 1511, at *1. The Veterans Court granted McLean twenty-one days to file a

compliant corrected petition. Meanwhile, the Board responded to McLean's letter on August 2, 2018, assuring her that it had forwarded her correspondence to the RO for direct reply and that, should the RO transfer the case back to the Board, it would adjudicate her appeal promptly. Suppl. A. at 49.

On September 20, 2018, the RO sent a letter to McLean notifying her that it had complied with the Board's instruction to further develop the record and enclosing a Supplemental Statement of the Case. Suppl. A. at 15. The RO again denied McLean's claims and stated that the case would be returned to the Board within thirty days of the RO's decision. Suppl. A. at 15, 29–30.

On October 11, 2018, the Veterans Court received another letter from McLean. Although the letter was again noncompliant, the Veterans Court "construe[d it] as a timely substitute petition for extraordinary relief." *McLean*, 2018 U.S. App. Vet. Claims LEXIS 1511, at *1. It noted that McLean failed to attach necessary supporting documents,[1] but concluded that there was "enough information" from McLean's letter to discuss the merits of her request. *Id.* It also accepted McLean's allegations as true and concluded that it did not need a response from the Secretary to resolve the matter. *Id.* at *3.

In a decision dated November 16, 2018, the Veterans Court denied McLean's petition. Although the Veterans Court acknowledged its authority to issue extraordinary writs pursuant to the All Writs Act, 28 U.S.C. § 1651(a), it

---

[1] For example, McLean failed to provide the Veterans Court with the above-referenced Supplemental Statement of the Case. *See* Suppl. A. at 12–13. On July 1, 2019, we requested that the government provide this document in connection with this appeal. The government so supplemented the appendix on July 8, 2019.

explained that it is "a 'drastic' remedy that the Court will invoke only in extraordinary circumstances." *Id.* at \*2 (quoting *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976)). The Veterans Court further explained that three conditions must be met before it could issue the writ: (1) "the petitioner must show a lack of adequate alternative means of obtaining the relief sought;" (2) "the petitioner must show a clear and indisputable right to the writ;" and (3) the court must be convinced that the writ is appropriate under the circumstances. *Id*. (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). The Veterans Court then applied the factors from *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984), which this court has adopted "as the appropriate standard for the Veterans Court to use in evaluating mandamus petitions based on alleged unreasonable delay." *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018).

Applying the *TRAC* factors to the facts in McLean's case, the Veterans Court concluded that the delay was not "so egregious that it warrants a writ of mandamus." 2018 U.S. App. Vet. Claims LEXIS 1511, at \*5. The court acknowledged that McLean's "claim was remanded . . . and that, on some level the . . . delay is unreasonable." *Id*. at \*4. But it balanced this finding against the fact that the Supplemental Statement of the Case sent in 2018 appeared to end that delay and the fact that McLean could still appeal that decision. *Id*. Accordingly, the Veterans Court dismissed the petition. McLean appeals.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to

constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

This limited jurisdiction extends to our review of the Veterans Court's dismissal of a petition for a writ of mandamus. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Specifically, we have jurisdiction "to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," but cannot "review the factual merits of the veteran's claim." *Beasley*, 709 F.3d at 1158. Nor can we interfere with the Veterans Court's "role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Id.*

Here, McLean's appeal presents only issues challenging factual determinations and the application of law to fact. In her informal brief, McLean states that the Veterans Court "knowingly made amoral, untrue, [and] unsubstantiated statements." Appellant's Informal Br. at 1. This is a challenge to the Veterans Court's factual determinations. McLean also continues to argue on appeal that the delay in resolving her case is unreasonable. This is a challenge of the Veterans Court's application of the factors outlined in *TRAC* to the facts in this case.[2] And, although

---

[2] We note that certain facts recited in McLean's petition, which the Veterans Court accepted as true when denying mandamus, were inaccurate. For instance, McLean's petition stated that the Board remanded McLean's case in 2015 to the RO, where it was pending for *three* years before McLean received the Supplemental Statement of the Case in 2018. Suppl. A. at 12; 2018 U.S. App. Vet. Claims LEXIS 1511, at *5. But, as is clear from

McLean states that military records were "interfered with and removed . . . which is an amoral, illegal and unconstitutional offense," Appellant's Informal Br. at 5, that statement alone is insufficient to raise a constitutional challenge, especially when no such challenge was raised before the Veterans Court. Accordingly, we lack jurisdiction over McLean's appeal.

CONCLUSION

Because McLean's appeal presents only challenges to factual determinations and the application of law to fact, we *dismiss* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.

---

the Supplemental Statement of the Case, the Board remanded McLean's appeal in June of 2017. Suppl. A. at 19. The duration of any purported delay between the remand and the Supplemental Statement of the Case was thus only a little over a year. This further weakens McLean's claim that the delay was unreasonable.